Perea, Demandante y Apelante, *v.* Gómez Hnos., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez en un caso de indemnización por libelo.

No. 1067.—Resuelto en junio 22, 1914.

Libelo—Alegaciones Esenciales de la Demanda—Malicia—Palabras no Libelosas per se.—La alegación de malicia es indispensable en una demanda sobre indemnización de daños y perjuicios por libelo, a menos que el caso caiga dentro de la excepción expresada en la sección 5 de la Ley de Libelo de 1902 en que se presume la malicia, no estando comprendido el caso presente en dicha excepción.

ID.—PRESUNCIÓN DE MALICIA.—La malicia se presume, de acuerdo con la sección 5 de la Ley de Libelo de 1902, cuando las palabras libelosas son perjudiciales al demandante y se escriben sin un motivo justificado.

ID.—ALEGACIONES ESENCIALES DE LA DEMANDA—INNUENDO—PALABRAS NO LIBELOSAS PER SE.—En los casos de libelo no comprendidos dentro de la sección 5 de la Ley de Libelo de 1902, es conveniente y tal vez indispensable alegar en la demanda el *innuendo,* o sea la significación libelosa que el demandante da a las palabras escritas que se le imputan.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Leopoldo Feliú.*

Abogado de los apelados: *Sr. José de Diego.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez declaró probado en su opinión que la demanda presentada en este caso con motivo de un libelo se fundaba en dos causas de acción; que con respecto a la primera causa de acción el demandante dejó de probar que los demandados hicieron la publicación maliciosamente, y en cuanto a la segunda causa de acción, que no se alegaron hechos suficientes para determinar dicha causa de acción. Celebrado el juicio, la corte emitió su opinión y dictó sentencia contra la cual interpuso apelación el demandante, alegando que se cometieron muchos errores en la admisión y denegación de pruebas, además del error que existe en la misma sentencia. Como estamos de acuerdo con los apelados en que la demanda era enteramente defectuosa, procederemos a transcribirla en su totalidad:

"Comparece el demandante y, querellándose contra la demandada, por su causa de acción alega:

"POR SU PRIMERA CAUSA DE ACCIÓN.

"I. Que el demandante es, y era en las fechas que más adelante se dirán, el Alcalde de la Municipalidad y ciudad de Mayagüez.

"II. Que la demandada es una sociedad industrial, y también lo era en las fechas que más adelante se dirán, debidamente constituída, que se dedicaba y dedica a la publicación de un periódico de su propiedad denominado "La Voz de la Patria," que es de circulación general en este Distrito y en la Isla.

"III. Que el día 24 de julio de 1912, en dicho periódico y en la ciudad de Mayagüez, P. R., la demandada, teniendo con ello a exponer al demandante al desprecio del pueblo, y a privarle de la confianza pública, publicó las siguientes palabras, concernientes y referentes a este demandante:

"ÚLTIMA HORA.

" 'Al entrar en prensa nuestro diario llegan hasta nosotros rumores de que el Hon. Gobernador ha pedido la renuncia del Dr. Perea Fajardo como alcalde de Mayagüez.

" 'Mañana nos ocuparemos del asunto.'

"IV. Que dicha publicación fué falsa y difamatoria para este demandante, y que ha sufrido daños, con motivo de la misma por la suma de cinco mil dollars.

"Por su segunda causa de acción, el demandante alega:

"I. Que el demandante es y era en las fechas que más adelante se dirán, el alcalde de la municipalidad y ciudad de Mayagüez, y la demandada una sociedad industrial debidamente constituída, que publica y publicaba en dichas fechas un periódico de circulación general en este distrito y en la Isla, denominado 'La Voz de la Patria.'

"II. Que el día 25 de julio de 1912, en dicho periódico, en la ciudad de Mayagüez, P. R., y en artículo titulado 'El efecto de un rumor,' la demandada, tendiendo con ello a exponer al demandante al desprecio del pueblo, y a privarle de la confianza pública publicó las siguientes palabras concernientes y referentes a este demandante.

" * * * No QUEREMOS QUE EL SR. PEREA RENUNCIE; SU FRACASO Y SU INEPTITUD SEGUIRÁ.

III. Que dicha publicación fué falsa y difamatoria para este demandante, y que ha sufrido daños con motivo de la publicación antes expuesta, por la suma de cinco mil dollars

"Por lo que el demandante pide que la corte dicte sentencia condenando a la demandada a que le pague la suma de diez mil dollars, con costas, desembolsos, gastos, intereses y honorarios de su abogado."

Al discutir los apelados la primera causa de acción sostienen que no existe nada que sea libeloso *per se* al decir que ha llegado a oídos de los demandados el rumor de que el gobernador ha pedido la renuncia del Dr. Perea Fajardo como alcalde de Mayagüez. Las palabras no imputan ningún delito o fechoría en el ejercicio de sus funciones y son perfectamente compatibles con la completa rectitud, fidelidad y capa-

cidad del alcalde. Por consiguiente, para que constituyeran una causa de acción no fué suficiente con que se alegara simplemente que las palabras eran falsas y difamatorias. Otro elemento u elementos eran necesarios.

La sección 2 de la Ley de Libelo, de 1902, entre otras cosas expresa que libelo es la difamación maliciosa, etc. Por tanto, en una demanda por libelo es necesario alegar malicia. El primer hecho de la demanda no contiene ninguna alegación de malicia. Una publicación puede ser tanto falsa como difamatoria sin ser maliciosa. Si bien de acuerdo con la sección quinta de la misma ley se presume la malicia en ciertos casos, creemos que es mejor práctica cuando no es una alegación indispensable que se alegue la malicia en la demanda.

La sección 5ª. es como sigue:

"Sección 5.—Se presumirá que existe malicia en cualquier comunicación o escrito infamatorio o calumnioso que se dirija a otra persona que no sea un pariente dentro del tercer grado, o a una persona a quien el autor tenga bajo su tutela, o cuando dicha comunicación se cruce entre personas que tengan negocios en sociedad, u otra asociación semejante."

De acuerdo con dicha sección es evidente que solamente se presume que existe malicia cuando la comunicación es perjudicial y se hace sin un motivo que la justifique. Por tanto, aun en el caso de que pudiera prescindirse de la alegación de malicia el demandante tenía que alegar por lo menos, no siendo la comunicación libelosa por sí misma, que era perjudicial y se hizo sin un motivo que la justificara. La alegación primera fué defectuosa.

Semejantes consideraciones son de aplicación a la segunda alegación. Convenimos con la corte inferior en que en la misma no se imputa ningún hecho concreto contra el Dr. Perea Fajardo, sino que se expresan conclusiones u opiniones. Resulta además defectuosa dicha alegación, porque en ella no se alega malicia, perjuicio o motivo injustificado.

Además, creemos que al presentarse una demanda fundada en una comunicación que no es *per se* libelosa deberá

expresarse cuál era el objeto de la comunicación, o en otras palabras, hacer mención de lo que técnicamente se conoce por *innuendo,* o sea la significación libelosa que el demandante da a dichas frases. Véase la opinión emitida por este tribunal en el caso de *Fajardo* v. *Sabater,* 20 D. P. R., 39.

Opinamos también, que aunque el demandado puede fácilmente renunciar a tal cuestión durante el juicio, el demandante debe alegar un perjuicio determinado.

Como el demandante no expresó una causa de acción sino que fué a juicio sin tener ninguna, debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.